People v Cornwell (2025 NY Slip Op 00351)

People v Cornwell

2025 NY Slip Op 00351

Decided on January 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 23, 2025

113407
[*1]The People of the State of New York, Respondent,
v
Jarae C. Cornwell, Appellant.

Calendar Date:January 3, 2025

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ.

Justin C. Brusgul, Altamont, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Joann Rose Parry of counsel), for respondent.

Appeal from a judgment of the County Court of Broome County (Kevin Dooley, J.), rendered November 19, 2021, convicting defendant upon her plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging her with criminal possession of a controlled substance in the third degree. In satisfaction thereof, defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree and waived her right to appeal, with the understanding that she would be placed on interim probation pending sentencing. Pursuant to the plea agreement, upon successful completion of the interim probation, defendant would be sentenced to a period of probation. Defendant was advised that, if she did not successfully complete the period of interim probation, she faced a sentence, as a second felony offender, of up to eight years in prison and three years of postrelease supervision. After violating a condition of her interim probation prior to sentencing, County Court sentenced defendant, as a second felony offender, to three years in prison, to be followed by three years of postrelease supervision. Defendant appeals.
We affirm. Given defendant's unchallenged appeal waiver, and as defendant was informed of the maximum sentence that could have been imposed if she failed to complete interim probation, her sole contention on appeal — that her sentence is harsh or excessive — is precluded (see People v Wiggins, 207 AD3d 947, 948 [3d Dept 2022]; People v Savage, 158 AD3d 854, 855-856 [3d Dept 2018]).
Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.